IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER J. VERBIL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JAMES W. MORFORD,<br><br>　　　　Defendant.<br>_____/ | No. C-15-3784 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; SUBSTITUTING UNITED STATES AS DEFENDANT; DISMISSING COMPLAINT WITHOUT PREJUDICE; QUASHING SUBPOENAS SERVED BY PLAINTIFF; VACATING HEARING** |

　　　　Before the Court is defendant's Motion to Dismiss, filed August 21, 2015, and renoticed September 10, 2015, which motion seeks (1) an order substituting the United States as defendant in place of James W. Morford ("Morford"), (2) an order dismissing the action against the United States for failure to exhaust administrative remedies, and (3) an order quashing subpoenas to appear at a hearing in state court, served by plaintiff Christopher J. Verbil on two members of the Coast Guard Auxiliary. Plaintiff has filed opposition, limited to the issue of whether the United States should be substituted as defendant, and defendant has filed a reply. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for October 23, 2015, and hereby GRANTS the motion, as follows:

　　　　1. The Chief of the Civil Division of the United States Attorney's Office having

1  certified that the challenged conduct taken by Morford occurred while Morford was "acting
2  within the course and scope of his . . . employment" (see Certification, filed August 19,
3  2015), and plaintiff having failed to offer any evidence to the contrary, the United States is
4  hereby SUBSTITUTED as defendant.  See Green v. Hall, 8 F.3d 695, 698 (9th Cir. 1993)
5  (holding "Attorney General's decision regarding scope of employment certification is
6  conclusive unless challenged"; further holding party seeking to challenge certification
7  "bears the burden of presenting evidence and disproving the Attorney General's decision to
8  grant . . . scope of employment certification"); 28 C.F.R. § 154.4(a) (providing director of
9  "Civil Division" of United States Attorney's Office "is authorized" to certify that federal
10 employee named in complaint was acting within scope of employment).[1]

11      2. As plaintiff does not allege in his complaint, or contend in his opposition, that he
12 submitted to the United States an administrative claim seeking relief for the injury alleged in
13 the complaint, the complaint is hereby DISMISSED, without prejudice to plaintiff's
14 submission of an administrative claim to "the appropriate Federal agency."  See 28 U.S.C.
15 § 2675(a) (providing "action shall not be instituted upon a claim against the United States
16 for money damages for injury . . . unless the claimant shall have first presented the claim to
17 the appropriate Federal agency and his claim shall have been finally denied by the agency
18 in writing"); McNeil v. United States, 508 U.S. 106, 113 (1993) (holding § 2675(a) "bars
19 claimants from bringing suit in federal court until they have exhausted their administrative
20 remedies").

21      3. The "Small Claims Subpoenas" served by plaintiff on Rolland L. Johnson and on
22 Dean McFarren, each of whom are members of the Coast Guard Auxiliary, commanding
23 them to appear at an October 9, 2015, hearing in the Superior Court of California (see
24 Leighton-Nevesny Decl. ¶¶ 4-5, Exs. 2-3) are hereby QUASHED.  See In re Elko County
25 Grand Jury, 109 F.3d 554, 556 (9th Cir. 1997) (holding doctrine of sovereign immunity

---

[1] The Court notes that the United States, although not required to do so, has offered with the moving papers evidence to support the certification, namely, that Morbil was acting within the scope of his employment when he engaged in the challenged conduct.  (See Leighton-Nevesny Decl., filed August 21, 2015, ¶ 6.)

precludes state courts from exercising jurisdiction to subpoena federal officers acting within scope of delegated authority).  Moreover, as the instant action was removed from state court to district court prior to October 9, 2015, any dispute regarding the enforcement of the subpoenas is moot.

**IT IS SO ORDERED.**

Dated:  October 15, 2015

_____
MAXINE M. CHESNEY
United States District Judge